UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JAMES WELLS,

                                      **Plaintiff,**

   vs.                                                          **9:25-CV-1535**
                                                                      **(MAD/DJS)**

PEGGY HARPER, *et al.*,

                                      **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**MICHAEL JAMES WELLS**
11-A-2829
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff, *Pro se*

**ST. LAWRENCE COUNTY**                **STEPHEN DANIEL BUTTON, ESQ.**
**ATTORNEY'S OFFICE**
48 Court Street
Canton, New York 13617
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Michael James Wells ("Plaintiff" or "Wells") filed a complaint on October 31, 2025, against Defendants Peggy Harper, Rick Engle, Christopher Delano, Jane/John Doe #1 and #2, Bruce Reynolds, and St. Lawrence County (the "County") related to acts that occurred leading up to and during Plaintiff's incarceration at St. Lawrence County Jail.  *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 3.  On January 13, 2026, the undersigned issued a Decision and Order granting Plaintiff's IFP motion and permitting

1

Plaintiff's excessive force claim against defendant Reynolds and substantive due process claims against defendants Harper, Engle, and the County to proceed.  *See* Dkt. No. 8.[1]

On February 13, 2026, Defendants Harper, Engle, Reynolds, and the County (collectively, "Defendants") moved to dismiss Plaintiff's complaint for failure to state excessive force or substantive due process claims.  *See* Dkt. No. 13.  Plaintiff responded in opposition.  *See* Dkt. No. 20.  Defendants filed a reply in further support of their motion.  *See* Dkt. No. 21.  Plaintiff then filed an additional response in opposition.  *See* Dkt. No. 25.

Presently before the Court is Magistrate Judge Daniel J. Stewart's Report-Recommendation and Order recommending that the Court grant in part and deny in part Defendants' motion to dismiss.  *See* Dkt. No. 27.  The deadline for either party to file objections to the recommendations was July 8, 2026.  *See id.*  Neither party has filed any objections.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted).  When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error.  *Id.* at 358-59.  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

---

[1] The complaint named a second Plaintiff, Britney Jane Zanker.  *See* Dkt. No. 1.  However, the Court terminated Ms. Zanker because her claims were duplicative of claims asserted in a previously filed action.  *See* Dkt. No. 8 at 2-3 n.1 (citing *Wells v. Massena Police Department*, 8:25-CV-1403 (AJB/ML), Dkt. No. 1 (N.D.N.Y. filed 10/09/25) and listing the seven other actions that were pending at the time which had been brought by Plaintiff Wells).

Here, because neither party has objected to the Report-Recommendation and Order, the Court will review Magistrate Judge Stewart's recommendations for clear error.

The Court finds no clear error in Magistrate Judge Stewart's decision.  Magistrate Judge Stewart first recommended denying the motion to dismiss as moot insofar as Defendants raised arguments regarding a conditions of confinement claim.  *See* Dkt. No. 27 at 8-9.  Magistrate Judge Stewart correctly noted that the Court dismissed such a claim after reviewing the complaint for sufficiency in January of 2026.  *See id.*  The Court finds no clear error in that assessment and likewise denies Defendants' motion as moot on the conditions of confinement claim.

Magistrate Judge Stewart next addressed Plaintiff's substantive due process claim.  *See id.* at 9-10.  Magistrate Judge Stewart astutely explained that Defendants' motion to dismiss challenges the substantive due process claim on a theory that is different from the claim that the Court permitted to proceed on initial review.  *See id.* at 9.  On January 13, 2026, the Court construed Plaintiff's complaint as raising, among other things, a "Fourteenth Amendment substantive due process claims against defendants Harper, Engle, and St. Lawrence County based on Mr. Wells' transfer to a state prison for mental health evaluation[.]"  Dkt. No. 8 at 13. However, as Magistrate Judge Stewart noted, Defendants' motion focuses on "[a]dministrative segregation" and "excessive force."  Dkt. No. 27 at 9 (quoting Dkt. No. 13 at 13).  Defendants did not file any objections to Magistrate Judge Stewart's Report-Recommendation and Order. Therefore, because Defendants did not move to dismiss the precise claim that the Court permitted to proceed, that claim remains.

Defendants did, however, move to dismiss Plaintiff's excessive force claim that he brings against Defendant Reynolds.  Magistrate Judge Stewart concluded that, at this stage, Plaintiff's

3

complaint states enough facts to plausibly allege an excessive force claim.  *See* Dkt. No. 27 at 11. The Court finds no clear error in that determination and the excessive force claim shall proceed.

Finally, Magistrate Judge Stewart addressed Plaintiff's *Monell*[2] claim against the County. He concluded that Plaintiff failed to sufficiently plead an unconstitutional policy, custom, or practice, or a failure to train.  *See id.* at 14.  The Court finds no clear error in Magistrate Judge Stewart's conclusion that Plaintiff's allegations are too conclusory to permit a claim to proceed against the County.  As such, that claim is dismissed.[3]

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 27) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED IN PART and DENIED IN PART**; and the Court further

**ORDERS** that Plaintiff's substantive due process claim against the County is **DISMISSED**; and the Court further

---

[2] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[3] The Court dismissed the claims against the Doe Defendants in its Decision and Order dated January 13, 2026.  *See* Dkt. No. 8.  The Clerk of the Court is therefore directed to terminate those Defendants from the docket.  Plaintiff also named Christopher Delano as a Defendant.  *See* Dkt. No. 1.  On March 30, 2026, the summons issued for Delano was returned as unexecuted.  *See* Dkt. No. 17.  No attorney has appeared on Delano's behalf.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  FED. R. CIV. P. 4(m).  The complaint was filed on October 31, 2025.  *See* Dkt. No. 1.  Plaintiff is advised that failure to properly serve and prosecute his case against Delano will result in dismissal of Delano as a Defendant without further order of the Court pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.  However, at this time, in light of Plaintiff's *pro se* status, the Court will order that the summons that was attempted to be served on Delano be re-issued.

**ORDERS** that the Clerk of the Court shall **TERMINATE** from the docket Defendants Jane/John Doe #1, Jane/John Doe #2, and St. Lawrence County; and the Court further

**ORDERS** that the Clerk of the Court shall re-set Defendants' answer deadline;[4] and the Court further

**ORDERS** that the Clerk of the Court is directed to re-issue a summons for Defendant Christopher Delano and provide the necessary documents to the United States Marshals Service to attempt personal service on this Defendant within **fourteen (14) days** of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

        **IT IS SO ORDERED.**

Dated:  July 16, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] The only remaining claims are (1) an excessive force claim against Defendant Reynolds; and (2) a substantive due process claim against Defendants Harper and Engle.  The Court does not include in this list any claims against Defendant Delano has he has not yet been properly served nor appeared in this action.